UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUADALUPE BETANCOURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0520-CVE-TLW |
| ) | |
| 1999 UNION PLAZA, L.P. and ) | |
| 1999 ENTERPRISE PLAZA, L.P., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. # 22). Plaintiff has voluntarily dismissed her claims against defendants and asks the Court to dismiss defendants' abuse of process counterclaim for failure to state a claim. Defendants respond that plaintiff is a "professional litigator" who has filed over 17 cases for the purpose of obtaining a "quick settlement," and they should be permitted to proceed with their counterclaim, even though plaintiff voluntarily dismissed her federal law claims.[1]

Plaintiff originally filed this case based on federal question jurisdiction, because she alleged a claim under the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (ADA). Plaintiff claimed that defendants owned a shopping center known as "Union Plaza" and discriminated against her on the basis of disability by failing to comply with certain accessibility requirements of the ADA. She alleges that she attempted to shop at Union Plaza but "encountered architectural barriers" that "endangered her safety," and she was unable to access the property. Dkt. # 2, at 2.

---

[1]  The Court has reviewed plaintiff's motion and defendants' response, and finds that it not necessary for plaintiff to file a reply.

Defendants filed an abuse of process counterclaim based on Oklahoma law, and asked the Court to exercise supplemental jurisdiction over this counterclaim.[2] Dkt. # 8, at 4.  Plaintiff learned that defendants did not own "Union Plaza" and voluntarily dismissed her claims against defendants. However, defendants' counterclaim is still pending and plaintiff has filed a motion to dismiss the counterclaim.

Defendants do not address the issue of subject matter jurisdiction in their response to plaintiff's motion to dismiss, but the Court finds that it must consider this issue.  Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

---

[2] Plaintiff characterizes defendants' counterclaim as one for "nominal attorney fees," but the counterclaim clearly alleges that "[p]laintiff's actions constitute an abuse of process."  Dkt. # 8, at 5.  The Court also notes that defendants cite 42 U.S.C. § 1983 as a legal basis for their counterclaim.  Id. at 4.  However, plaintiff is not a state actor and defendants cannot proceed with a § 1983 claim against her.

Defendants do not allege an independent basis for federal jurisdiction but, instead, assert that the Court has supplemental jurisdiction over their counterclaim. See Dkt. # 8. Under 28 U.S.C. § 1367(c), a federal district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." The Court recognizes that it has discretion to retain jurisdiction over supplemental state law claims in some circumstances. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). However, in Gibbs, the Supreme Court also stated that "pendent jurisdiction is a doctrine of discretion, not of [a party's] right." Id. at 726. A federal district court should consider at every stage of the litigation "the values of judicial economy, convenience, fairness and comity" in order to determine the appropriateness of maintaining jurisdiction. Carneige-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). Although recognizing that Gibbs did not present an inflexible rule, in Cohill, the Supreme Court counseled that:

> [w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

Id. The Tenth Circuit has stated that "[w]hen all federal claims have been dismissed, the court may and usually should, decline to exercise jurisdiction over any remaining state law claims." Smith v. City of Enid by and through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998).

The Court declines to exercise supplemental jurisdiction over defendants' counterclaim. Plaintiff's federal law claims were dismissed in the early stages of litigation and only defendants' state law counterclaim remains for adjudication. The Court has not entered a scheduling order and the parties have not conducted any discovery. The remaining claim is an abuse of process counterclaim based solely on state law, and the counterclaim does not raise any issue of federal law.

Dismissal of the counterclaim at this early stage of the case will permit defendant to refile its claim in state court and, as the remaining claim concerns state law only, it would be preferable for the claim to proceed in state court. The general rule is that a federal district court should decline to exercise supplemental jurisdiction when only state law claims remain and there is no independent basis for the federal court to exercise jurisdiction over the claims. See Smith, 149 F.3d at 1156. The Court does not find any circumstances suggesting that judicial economy, convenience, fairness, and comity will be advanced if the Court retains jurisdiction over defendants' abuse of process counterclaim, and this claim should be dismissed for lack of subject matter jurisdiction.[3] To be clear, the Court is dismissing the counterclaim for lack of subject matter jurisdiction rather than defendants' failure to state a claim, and defendants may refile their abuse of process claim in an appropriate forum.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. # 22) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of November, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court notes that the parties are diverse, but defendant has not alleged that the amount in controversy exceeds $75,000. Therefore, the Court cannot exercise diversity jurisdiction over this case.